```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

DAVID MORGAN,                      )
                                   )
               Plaintiff,          )
                                   )
     v.                            )    No. 09 C 2025
                                   )
ALLENDALE ASSOCIATION/BRADLEY      )
COUNSELING CENTER, et al.,         )
                                   )
               Defendants.         )

## MEMORANDUM ORDER

Allendale Association and Dr. Patricia Taglione, two of the defendants in this action, have filed their Answer and Affirmative Defenses ("ADs") to the Complaint brought against them and others by David Morgan ("Morgan"). Because in some respects that responsive pleading carries to extremes what might otherwise be thought of as prudence, this memorandum order is issued sua sponte to direct defense counsel's attention to some problematic aspects of the Answer.

To begin with, defense counsel characterizes the references to "at all relevant times" in Complaint ¶¶1-4 as "vague and ambiguous"-- so much so that the Answer invokes the disclaimer provision of Fed. R. Civ. P. ("Rule") 8(b)(5) to obtain the legal equivalent of deemed denials. In this Court's view that is simply wrong--there is neither vagueness nor ambiguity in those references to "relevant times" in the context of Morgan's Complaint. Hence the Rule 8(b)(5) disclaimers are stricken.

That same level of undue overtechnicality crops up in a

whole passel of assertions that "Defendants deny the remaining allegations of Paragraph No. --," a locution that is often employed when there really are no "remaining allegations" in the corresponding Complaint paragraphs that remain unresponded-to (see Answer ¶¶6, 11, 12, 16, 24, 25, 34, 49, 57 and 60). Unless defense counsel can promptly explain the rationale for some or all of those purported denials, all of them will be stricken as well.

To return to the disclaimer provision set out in Rule 8(b)(5), it seems highly unlikely that the currently answering defendants have no clue to the Ph.D requirements listed in the Clinical Program Handbook for Loyola University Chicago, as set out in Answer ¶8. If such a disclaimer can indeed be advanced in the objective good faith called for by Rule 11(b), that paragraph of the Answer can stand--but if not, it should be rewritten.

Next, still another "vague and ambiguous" assertion--this time contained in Answer ¶23--seems difficult to justify. Defense counsel should take a fresh look at that invocation of Rule 8(b)(5).

Finally, AD 2, with its use of a "to the extent..." locution, leaves it impermissibly unclear whether Morgan's Title VII contention in the Complaint does or does not assertedly go beyond the scope of his EEOC Charge of Discrimination. Unless

defense counsel fleshes out that AD, it too will be stricken.

            _____
            Milton I. Shadur
            Senior United States District Judge

Date: June 17, 2009